Hillsborough
No. 85-025

MATTHEW R. GANGI

v.

MICHAEL CUNNINGHAM, WARDEN,
NEW HAMPSHIRE STATE PRISON

April 9, 1986

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the plaintiff.

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the brief), by brief for the State.

BROCK, J.   The plaintiff in this appeal, Matthew R. Gangi, challenges the denial of his habeas corpus petition by the Superior Court (*Goode*, J.). For the reasons that follow, we affirm.

On August 26, 1982, the plaintiff began serving a sentence of from one year and one day to two years for an offense not specified in the record. He escaped from a halfway house on October 8, 1983. As a consequence of his escape, the prison disciplinary board revoked all his good conduct credits after a disciplinary hearing. Following his return to prison, the plaintiff served the maximum sentence for the first offense and was held in custody until September 26, 1984, when he pled guilty to escape, RSA 642:6 (1974 and Supp. 1983). He was sentenced to one and one-half to five years consecutive to the first sentence, with 85 days credit for pre-trial confinement. The defendant had completely served the sentence imposed on the original conviction as of either August 3 or August 26, 1984.

Gangi subsequently filed a petition for a writ of habeas corpus dated October 6, 1984, contending that the revocation of all of his good conduct credits violated his rights to equal protection and proportionate penalties. U.S. CONST. amends. XIV, VIII; N.H. CONST. pt. I, art. 18. The substance of his claim was that "under prison disciplinary rules, the punishment for a major disciplinary infraction at the prison is forfeiture of not more than 365 days of earned good conduct time . . . , whereas an escapee must lose all his earned good conduct time under RSA 651-A:22, IV(a)." This, he asserts, constitutes a denial of equal protection.

Our disposition of this appeal is governed by the fact that while the plaintiff is now serving the sentence imposed for his escape, he has served all of the sentence imposed for the original offense. In addition, he does not challenge the propriety of his original conviction, but only the revocation of good conduct credits under the sentence which has already been completely served. Given these facts, we conclude that his claim is moot. The plaintiff could have asserted his equal protection and disproportionate penalties claims while serving the original sentence, and he provided no explanation as to why he failed to do so. On these facts, the plaintiff cannot challenge the propriety of the revocation of his good conduct credits. Since we hold that the plaintiff's claim is moot, we need not address the substance of his argument.

*Affirmed.*

All concurred.